**Gary W. Osborne (Bar No. 145734)**
**Dominic S. Nesbitt (Bar No. 146590)**
OSBORNE & NESBITT LLP
501 West Broadway, Suite 1760
San Diego, California  92101
Phone: (619) 557-0343
Fax: (619) 557-0107
gosborne@onlawllp.com
dnesbitt@onlawllp.com

Attorneys for Plaintiff
LA JOLLA COUNTRY DAY SCHOOL

UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LA JOLLA COUNTRY DAY SCHOOL, a California Non-Profit Corporation,<br><br>Plaintiff,<br><br>vs.<br><br>PHILADELPHIA INDEMNITY INSURANCE COMPANY, a Pennsylvania corporation,<br><br>Defendants. | CASE NO. '11CV0868 LAB WMC<br><br>**COMPLAINT FOR BREACH OF CONTRACT; BREACH OF STATUTORY DUTY (Cal. Civ. Code § 2860); TORTIOUS BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING; AND FOR PUNITIVE DAMAGES** |

Plaintiff La Jolla Country Day School ("LJCD") respectfully alleges as follows:

### INTRODUCTION

This case is about an insurance company's deliberate withholding of insurance benefits owing to its insured.  The benefits in question are independent counsel fees which the plaintiff, LJCD, has incurred pursuant to California Civil Code section 2860, *i.e.*, the *Cumis* statute.

1

There is no dispute that the defendant, Philadelphia Indemnity Insurance Company ("Philadelphia"), owes LJCD's independent counsel fees. Philadelphia agreed to defend a lawsuit brought against LJCD by a former student, while reserving its right to deny coverage if LJCD was found to have acted intentionally. Philadelphia eventually acknowledged that this reservation triggered LJCD's statutory right to be represented by independent counsel, and expressly agreed in writing that it would pay LJCD's independent counsel fees.

Put quite simply, it is now almost one year later, and Philadelphia has still not paid a single penny of the fees and costs of LJCD's independent counsel.

An insurer does not satisfy its duty to defend by merely making empty promises. Instead, the duty to defend is only satisfied, in cases where a *Cumis* conflict exists, by the insurer <u>actually paying</u> the fees and costs of its insured's independent counsel. By deliberately failing to pay any of the fees and costs of LJCD's independent counsel, Philadelphia has breached its duty to defend.

LJCD seeks by this lawsuit to recover not only damages for Philadelphia's breaches of its duty to defend and statutory obligations, together with prejudgment interest, but also tort and punitive damages both to punish Philadelphia and to dissuade it in the future from deliberately violating California's statutory and insurance laws when doing business with residents of this state.

## JURISDICTION AND VENUE

1. This Court has jurisdiction over the subject matter of this complaint pursuant to 28 U.S.C. § 1332(a) because there is complete diversity of citizenship between the parties and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

2. Venue is proper in this District under 28 U.S.C. §1391(a) and (c), as the contracts of insurance which are the subject of this action were entered into, and were to be performed, within this District, the underlying lawsuit giving rise to this claim was filed in this district, and defendant resides here.

# THE PARTIES

3. Plaintiff LJCD is a non-profit corporation duly organized and existing under the laws of the State of California, with its principal place of business in San Diego, California.

4. Defendant Philadelphia is, and at all relevant times has been, a corporation organized and existing under the laws of the State of Pennsylvania, with its principal place of business also in Pennsylvania.

# GENERAL ALLEGATIONS

### A. Philadelphia Insured LJCD, Promising a Defense Against Professional Liability Claims

5. Philadelphia issued a CGL policy to LJCD, designated by policy number PHPK351983, with a policy period of October 1, 2008 to October 1, 2009, and with policy limits of $1 million per occurrence and $3 million in the aggregate.  Philadelphia's CGL policy included a "Human Services Organization Professional Liability Coverage Part" with the same policy number, policy period, and policy limits.

6. Philadelphia promised under this Professional Liability Coverage Part to defend LJCD (including its board members, directors, officers, administrators, employees, etc.) against any lawsuit seeking damages arising out of a "professional incident" in the course of performing professional services.

### B. LJCD and Two of the School's Administrators Are Sued in an Underlying Lawsuit

7. On April 3, 2009, during the term of Philadelphia's policy, a former student (designated as "Barbara B.") filed a lawsuit before the San Diego County Superior Court, entitled *Barbara B., et al. v. La Jolla Country Day School, et al.*  Barbara B.'s complaint named LJCD and two of the school's administrators as defendants.

8. Barbara B. alleged that she had been bullied by other students and that LJCD's administration had responded inadequately to this problem, eventually resulting in her leaving LJCD.  The lawsuit threatened to damage LJCD's reputation in the local

community. The plaintiff's father told a LJCD coach that he intended to drag LJCD "through the mud" for threatening to expel his daughter because of disciplinary problems.

9. Barbara B. alleged causes of action against all three LJCD defendants for "Intentional Infliction of Emotional Distress" and "Breach of Contract." Her complaint was later amended at trial to allege additional causes of action for "Negligence" and "Negligent Infliction of Emotional Distress."

## C. Philadelphia Breached its Duty to Defend as Well as its Statutory Duties under California Civil Code Section 2860

10. Immediately upon being served with the *Barbara B.* complaint, LJCD tendered it to Philadelphia. On or about May 1, 2009, Philadelphia agreed to defend the LJCD defendants. Subsequently, on June 15, 2009, Philadelphia issued a reservation-of-rights letter informing the LJCD defendants that it was reserving its right to deny coverage if they were found liable for intentional conduct.

11. Philadelphia's reservation-of-rights letter created a paradigm *Cumis* conflict of interest which triggered the LJCD defendants' statutory right to be represented by independent counsel pursuant to Civil Code section 2860. Philadelphia owed a statutory duty under section 2860(a) to inform its insureds that a conflict of interest existed and to obtain a written waiver of the insureds' statutory right to independent counsel before continuing to defend them using panel defense counsel.

12. For a year, between May 2009 and May 2010, Philadelphia violated section 2860 by failing to notify the LJCD insureds of their right to independent counsel and by conducting their defense through the services of its panel defense counsel.

13. On June 7, 2010, Philadelphia finally acknowledged the insureds' statutory right, but offered to pay LJCD's independent counsel, Sheppard Mullin Richter & Hampton LLP, only reduced rates of $165 per hour for partners. This was a clear violation of section 2860(c) (which requires insurers to pay an insured's independent counsel the same rates it pays to its panel counsel to defend "similar actions in the community where the claim arose or is being defended") because Philadelphia at the time

paid partners at its San Diego panel defense firms a rate of $190 per hour. After LJCD challenged Philadelphia on this point, it agreed to pay rates of $190 per hour to Sheppard Mullin.

14. LJCD submitted to Philadelphia Sheppard Mullin's monthly invoices. Despite repeated requests and demands by LJCD, and in spite of Philadelphia's clear written agreement to pay independent counsel's fees, Philadelphia has deliberately failed to pay any of them.

## FIRST CLAIM FOR RELIEF

### Breach of Contract (Duty to Defend)

(By LJCD against Philadelphia)

15. Plaintiff incorporates and re-alleges paragraphs 1 through 14 as though fully set forth herein.

16. Plaintiff performed all conditions, covenants, and promises required on its part to be performed in accordance with the terms and conditions of Philadelphia's Professional Liability Coverage Part.

17. Philadelphia breached its duty to defend by failing to pay any of the fees and costs of its insureds' independent counsel.

18. As a direct and proximate result of the above-mentioned breaches of contract by Philadelphia, LJCD has been damaged in an amount to be proven at trial, which includes all of the reasonable and necessary fees and costs of its independent counsel, calculated at full rates, in a total amount to be proven at trial.

## SECOND CLAIM FOR RELIEF

### Breach of Statutory Duties Under California Civil Code Section 2860

(By LJCD against Philadelphia)

19. Plaintiff incorporates and re-alleges paragraphs 1 through 14 as though fully set forth herein.

/ / /

/ / /

20. Philadelphia's June 15, 2009 reservation-of-rights letter triggered the LJCD insureds' right to be represented by independent counsel and Philadelphia's duty to inform its insureds of this right.

21. Philadelphia breached its statutory duty by failing to inform its insureds of their right to be represented by independent counsel and by failing to obtain a waiver of such right before continuing to defend them through its panel defense counsel.

22. Even after the LJCD insureds' discovered, on their own, that they had the right to be represented by independent counsel in the underlying *Barbara B.* lawsuit, and even after Philadelphia acknowledged that right and agreed to pay the fees and costs of LJCD's independent counsel, Philadelphia breached its statutory duty again by failing to pay any of the fees and costs of LJCD's independent counsel.

23. As a result of Philadelphia's intentional breaches of its statutory duty to pay any of the fees and costs of LJCD's independent counsel, it has waived its right to benefit from the rate limitation provision in section 2860. Accordingly, Philadelphia must pay all of the reasonable and necessary fees and costs charged by LJCD's independent counsel, calculated at full rates, in a total amount to be proven at trial.

### THIRD CLAIM FOR RELIEF
### Tortious Breach Of The Implied Covenant
### Of Good Faith And Fair Dealing
(By LJCD against Philadelphia)

24. Plaintiff incorporates and re-alleges paragraphs 1 through 18 as though fully set forth herein.

25. A relationship of trust and confidence was established between Philadelphia, on the one hand, and LJCD on the other hand, by virtue of LJCD's status as an insured under Philadelphia's policy. As a result, Philadelphia had a duty to deal fairly and in good faith in all matters between them.

/ / /
/ / /

26. LJCD is informed and believes and on that basis alleges that Philadelphia breached its duty of good faith and fair dealing when, among other things, it did the following:

    a. wrongfully and unreasonably breached its statutory duty to inform its insureds of their right to be represented by independent counsel under 2860;

    b. wrongfully and unreasonably forced the LJCD defendants to adjudicate the *Barbara B.* lawsuit in a public trial, rather than in private, binding arbitration, in disregard of LJCD's express wishes and best interests, and at a time when the LJCD defendants should have been controlling their own defense through independent counsel;

    c. intentionally misrepresented coverage available under the Professional Liability Coverage Part in an effort to coerce LJCD to contribute toward a settlement of the underlying *Barbara B.* lawsuit;

    d. intentionally misrepresented to LJCD the rates it paid to its panel counsel to defend similar actions in San Diego;

    e. deliberately failed to pay any of LJCD's independent counsel fees and costs;

    f. ignored and failed to respond to correspondence from LJCD's counsel demanding payment of independent counsel fees and costs.

27. As a direct and proximate result of the above-mentioned breaches of the duty of good faith and fair dealing, LJCD has been damaged in an amount to be proven at trial. Said damages exceed the jurisdictional minimum required by this court.

28. LJCD is informed and believes and on that basis alleges that Philadelphia has deliberately denied insurance benefits to LJCD, despite knowing facts which established that LJCD was clearly and unambiguously entitled to such benefits. Philadelphia made a calculated and deliberate decision to act in this manner and gamble that its actions would go unchallenged. Philadelphia has intentionally withheld benefits

despite knowledge of its contractual and statutory obligations, and has acted with an intent to enrich itself while injuring and harming LJCD. Philadelphia's conduct in this matter clearly satisfies the statutory grounds of "oppression, fraud or malice" so as to justify an award of punitive damages in order to punish it and to deter such conduct in the future.

**WHEREFORE**, Plaintiff LJCD prays for judgment against defendant Philadelphia as follows:

1. For damages sustained as a result of the breaches and tortious breaches of contract alleged herein, according to proof;

2. For damages sustained as a result of the breaches of California Civil Code section 2860 alleged herein, according to proof;

3. For attorney's fees including, but not limited to, an award of attorney's fees pursuant to *Brandt v. Superior Court*, 37 Cal. 3d 813 (1985);

4. For punitive damages pursuant to California Civil Code section 3294; and

5. For prejudgment interest, costs and expenses of suit, and such other and further relief as the Court deems just and proper.

DATED: April 22, 2011                OSBORNE & NESBITT LLP

By: s/Gary W. Osborne
Gary W. Osborne
Attorney for Plaintiff LA JOLLA
COUNTY DAY SCHOOL
Email: gosborne@onlawllp.com

**Gary W. Osborne (Bar No. 145734)**
**Dominic S. Nesbitt (Bar No. 146590)**
OSBORNE & NESBITT LLP
501 West Broadway, Suite 1760
San Diego, California 92101
Phone: (619) 557-0343
gosborne@onlawllp.com
dnesbitt@onlawllp.com
Fax: (619) 557-0107

Attorneys for Plaintiff
LA JOLLA COUNTY DAY SCHOOL

UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LA JOLLA COUNTY DAY SCHOOL, a California non-profit corporation,<br><br>Plaintiff,<br><br>vs.<br><br>PHILADELPHIA INDEMNITY INSURANCE COMPANY, a Pennsylvania corporation,<br><br>Defendants. | CASE NO. '11CV0868 LAB WMC<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff La Jolla Country Day School hereby demands a trial by jury.

DATED: April 22, 2011         OSBORNE & NESBITT LLP


By: s/Gary W. Osborne
    Gary W. Osborne
    Attorney for Plaintiff LA JOLLA
    COUNTY DAY SCHOOL
    Email: gosborne@onlawllp.com

1

%JS 44  (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
La Jolla Country Day School

**DEFENDANTS**

**(b)** County of Residence of First Listed Plaintiff  San Diego
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Gary W. Osborne, Esq., Osborne & Nesbitt LLP
501 W. Broadway, #1760, San Diego, CA (619) 557-0343

Attorneys (If Known)

**'11CV0868 LAB WMC**

## II. BASIS OF JURISDICTION  (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT  (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☒ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| | | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN  (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. Section 1331

Brief description of cause:
Breach of insurance contract and bad faith

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ An amount exceeding $75,000

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____  DOCKET NUMBER _____

DATE  04/22/2011

SIGNATURE OF ATTORNEY OF RECORD
s/Gary W. Osborne, Esq.

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____